```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       WESTERN DISTRICT OF MISSOURI
                          SOUTHWESTERN DIVISION


UNITED STATES OF AMERICA,      ) Case No. 23-05006-01-CR-SW-SRB
                               )
         Plaintiff,            ) Springfield, Missouri
                               ) March 30, 2023
v.                             )
                               )
TROY D. LIGGETT,               )
                               )
         Defendant.            )
_____)


              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
                BEFORE THE HONORABLE DAVID P. RUSH
                CHIEF UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:           Ms. Josephine M. Stockard
                             Assistant United States Attorney
                             901 E. St. Louis Street, Ste. 500
                             Springfield, MO  65806
                             (417) 831-4406

For the Defendant:           Mr. David K. Back
                             P.O. Box 9112
                             Springfield, MO  65801
                             (417) 429-8689

Court Audio Operator:        Ms. Karla Berziel

Transcribed by:              Rapid Transcript
                             Lissa C. Whittaker
                             1001 West 65th Street
                             Kansas City, MO  64113
                             (816) 914-3613
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 9:23 a.m.)

THE COURT: I'm calling in *United States vs. Troy Liggett.* The defendant appears in person along with his attorney, Mr. David Back. The United States appears by Assistant United States Attorney, Ms. Jody Stockard. This matter is set this morning for a change of plea to Count One of the Indictment returned against this defendant back on March 1st of this year. Mr. -- and this is pursuant to a written Plea Agreement.

Mr. Liggett, have you seen -- or excuse me -- you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you've signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction. At any appearance before the District Judge, you are presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present and to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you because that is your right. If, after understanding the charges against you, the range of punishment,

1  if convicted, and your right to appear before a District Judge,
2  if you wish, you may waive or give up that right and proceed this
3  morning before the Magistrate Judge. As I indicated, you have
4  signed such a consent. Do you understand that you have a right
5  to appear before a United States District Judge, a judge of
6  higher jurisdiction, for these proceedings?
7          MR. LIGGETT: Yes, Your Honor.
8          THE COURT: And is it your desire to give up that right
9  and proceed this morning before the Magistrate Judge?
10         MR. LIGGETT: Yes, Your Honor.
11         THE COURT: Do you understand the charge against you in
12 Count One of the Indictment in this case?
13         MR. LIGGETT: Yes, Your Honor.
14         THE COURT: Do you understand that if convicted of the
15 charge in Count One, that the maximum penalty the court may
16 impose is not more than 20 years' imprisonment, not more than a
17 $1 million fine, not less than three years' supervised release,
18 and a $100 mandatory special assessment?
19         MR. LIGGETT: Yes, Your Honor.
20         THE COURT: To the charge in the Count One, how do you
21 wish to plead, guilty or not guilty?
22         MR. LIGGETT: Guilty.
23         THE COURT: Would you please raise your right hand to be
24 sworn in as best you can?
25                 TROY D. LIGGETT, DEFENDANT, SWORN

1  THE COURT: Has anyone made any threat of any kind to
2 force you to plead guilty or give up any of the other rights
3 we've discussed this morning?
4  MR. LIGGETT: No, Your Honor.
5  THE COURT: You have signed a Plea Agreement. Have you
6 read that Plea Agreement and gone over it with Mr. Back?
7  MR. LIGGETT: Yes, Your Honor.
8  THE COURT: Do you understand what's contained in the
9 Plea Agreement?
10  MR. LIGGETT: Yes, I do.
11  THE COURT: Other than what is contained in the Plea
12 Agreement, has anyone made any promise of any kind to induce you
13 or overcome your will to get you to plead guilty or give up any
14 of the other rights we've discussed?
15  MR. LIGGETT: No, Your Honor.
16  THE COURT: I mentioned to you that there was a
17 supervised release term of not less than three years that could
18 be imposed in your case. Do you understand that if that term of
19 supervised release were imposed and then revoked for any reason,
20 that you could be required to serve an additional term of
21 imprisonment of not more than two years, and if that happened,
22 you would receive no credit for any other time you had spent
23 either in custody or on release?
24  MR. LIGGETT: Yes, Your Honor.
25  THE COURT: And do you understand that the court could

1  then impose an additional term of supervised release, which is
2  governed by the maximum of the statute, minus any time you'd
3  spent in custody as a result of a violation?
4       MR. LIGGETT:  Yes, I do.
5       THE COURT:  Do you understand that from a sentence
6  imposed in your case that there is no parole?
7       MR. LIGGETT:  Yes, Your Honor, I do.
8       THE COURT:  Do you understand that there are Sentencing
9  Guidelines to which the District Judge or the sentencing judge
10 would refer to in an advisory capacity when attempting to fashion
11 a reasonable sentence in your case?
12      MR. LIGGETT:  Yes.
13      THE COURT:  There are Sentencing Guideline calculations
14 in your Plea Agreement.  Have you discussed the Sentencing
15 Guidelines with Mr. Back?
16      MR. LIGGETT:  Yes, Your Honor, I have.
17      THE COURT:  And do you understand them?
18      MR. LIGGETT:  Yes, I do.
19      THE COURT:  Do you understand that the final decision as
20 to how the Sentencing Guidelines are calculated and ultimately
21 what sentence will be imposed rests with the District Judge?
22      MR. LIGGETT:  Yes.
23      THE COURT:  If the District Judge would calculate the
24 guidelines differently from what is in your Plea Agreement, and
25 what you've discussed with your attorney, that fact would not

1  give you the right to withdraw or change your plea of guilty.  Do
2  you understand that?
3          MR. LIGGETT:  Yes, Your Honor, I do.
4          THE COURT:  Once the District Judge establishes the
5  advisory Sentencing Guideline range, in some circumstances, you
6  could be sentenced above that range and, in other circumstances,
7  you could be sentenced below that range.  And again, the judge's
8  decision, if you disagreed, would not give you the right to
9  withdraw your plea of guilty.  Do you understand that?
10         MR. LIGGETT:  Yes, Your Honor, I do.
11         THE COURT:  Now, Mr. Liggett, you have a right to a
12 trial by jury with all the protections that I explained to you at
13 the beginning of these proceedings.  Do you understand your right
14 to a trial by jury?
15         MR. LIGGETT:  Yes, Your Honor, I do.
16         THE COURT:  And do you understand that if the court
17 accepts your plea of guilty that there won't be a trial?
18         MR. LIGGETT:  Yes, Your Honor.
19         THE COURT:  I'm going to ask you about the offense
20 charged in Count One of the Indictment in this case.  I would
21 remind you that you are under oath.  You must answer truthfully.
22 Any false answers could result in charges of false swearing or
23 perjury.  You always have the right to remain silent.  I want to
24 refer you to page 2 of your plea bargain agreement, numbered
25 Paragraph 3, which is entitled in bold **Factual Basis for Guilty**

1  **Plea**.  Have you read Paragraph 3 and gone over it with Mr. Back?
2           MR. LIGGETT:  Yes, Your Honor, I have.
3           THE COURT:  Are the statements contained in Section 3
4  true?
5           MR. LIGGETT:  Yes, they are.
6           THE COURT:  Mr. Back, you've had access to the
7  Government's discovery file in this case, have you not?
8           MR. BACK:  I have.
9           THE COURT:  And based upon your review of the discovery
10 file, are you satisfied if put to proof, that the United States
11 could make a submissible case as to all the elements pertaining
12 to Count One as set forth in Section 3 of the Plea Agreement?
13          MR. BACK:  I am.
14          THE COURT:  There is an adequate factual basis for the
15 plea of guilty to Count One of the Indictment.  I find that the
16 defendant's plea is voluntary and did not result from force,
17 threats or promises other than those set forth in the Plea
18 Agreement.  Mr. Liggett, you are represented in this case by Mr.
19 Back.  Have you had enough time to talk with him about your case?
20          MR. LIGGETT:  Yes, Your Honor, I have.
21          THE COURT:  Are you satisfied with the advice that he's
22 given you?
23          MR. LIGGETT:  Yes, Your Honor, I am.
24          THE COURT:  The law requires me to ask you if this
25 morning you are on any medication prescribed by a physician or

1  any drugs or alcohol of any kind which would affect your ability
2  to understand what we're doing?
3      MR. LIGGETT: No, Your Honor.
4      THE COURT: The plea bargain agreement that you've
5  signed contains what we refer to as an appeal waiver. It can be
6  found at the bottom of page 8 of your plea bargain agreement,
7  Paragraph 15, which is entitled in bold **Waiver of Appellate and**
8  **Post-Conviction Rights**. It then goes over to the top, oh, one-
9  quarter portion of page 9. I'll be referring directly to the
10 language in subparagraphs (a) and (b) if you want to follow
11 along. It provides that you acknowledge, understand and agree
12 that by pleading guilty pursuant to the Plea Agreement that you
13 waive your right to appeal now or collaterally attack later a
14 finding of guilt following the acceptance of the Plea Agreement
15 except on grounds of ineffective assistance of counsel or
16 prosecutorial misconduct. That you expressly waive your right to
17 appeal your sentence directly now or collaterally later on any
18 ground except claims of ineffective assistance of counsel,
19 prosecutorial misconduct or an illegal sentence. An illegal
20 sentence includes a sentence imposed in excess of the statutory
21 maximum but does not include less serious sentencing errors such
22 as a misapplication of the Sentencing Guidelines, an abuse of
23 discretion, or the imposition of an unreasonable sentence.
24 However, if the United States exercised its right to appeal you
25 would be released from the appeal waiver and could appeal as

1  allowed by law.  Do you understand that by signing this Plea
2  Agreement that you've given up those rights to appeal as set
3  forth in Paragraph 15?
4      MR. LIGGETT:  Yes, Your Honor, I do.
5      THE COURT:  Understanding that and the other matters
6  that we have discussed this morning, is it your desire for the
7  court to accept the plea of guilty?
8      MR. LIGGETT:  Yes, Your Honor.
9      THE COURT:  Ms. Stockard, on behalf of the United
10 States, do you have any other record under Rule 11 that you think
11 I need to make?
12     MS. STOCKARD:  No, Your Honor.
13     THE COURT:  And, Mr. Back, on behalf of the defendant,
14 do you have any other record under Rule 11 that you think I need
15 to make?
16     MR. BACK:  No, Your Honor.
17     THE COURT:  I did note that the Indictment has a date of
18 birth of 9/8/84 or 1994, did the parties resolve that issue?  The
19 date of birth.
20     MR. BACK:  We clarified that I thought at arraignment.
21 I'm sorry.
22     THE COURT:  That's okay.
23     MR. BACK:  What was the --
24     MR. LIGGETT:  1994.
25     THE COURT:  All right.  Thank you.  I will recommend the

plea of guilty be accepted and I will order a Presentence Investigation to be conducted by the Probation Office.

Mr. Liggett, your next appearance would appear to be in front of Judge Bough for sentencing. I know you are detained so you -- I assume you were detained because I know you were in custody. So you obviously have something in your past that led me to order that you be detained. I don't care about your past. What I'm concerned about is your future, where you go from here. I don't know you. You've been very polite to the Court. I think that probably your involvement in this case was probably due in part to maybe your own involvement with using drugs. That's fairly typical. But you're sober today. You're clear-headed and you've been very polite and respectful. I mean, I sense that that's the person you can be when you're not using drugs or selling drugs. And you're going to get out of custody. I don't know what sort of sentence you're looking at. You obviously have friends and family that love and support you. And I hope for them -- I don't know they -- I hope they'll see that using drugs and selling drugs, it's going to take away your freedom physically and takes away your freedom to make good choices. You know the drug will cause you to do things you wouldn't normally do if you were sober. But I don't say that to make you dwell on your past because you have to start looking forward. The chapters of you life that have been written you can't change. But you get to change the chapters that you write going forward.

1  And they can be great chapters.  But you have to get on a
2  different path.  And personally, I think you have to have a
3  change of heart.  You've got to change from within, and if you're
4  an addict, you got to start working your 12-step program and
5  taking seriously the fact that you can't use.  You can't use
6  recreationally.  You can't be around people that are using or
7  selling or you'll go right back into that world and then you'll
8  be back in front of me.  And that's a waste of your life.  You're
9  a young man.  You have everything still in front of you.  So, I
10 hope you don't beat yourself up over the mistakes that you've
11 made, because not a person in this room hasn't made a mistake.
12 And we all have to pay for our mistakes and there are
13 consequences but you need to find a way to forgive yourself and
14 to find forgiveness.  And I think everybody needs grace.  And I
15 hope and pray that you will get on that different path.  It's
16 going to lead to a life more fulfilling and with more
17 contentment.  It may be lonely at times because a lot of people
18 won't walk that path because it's a hard path to walk, but you
19 can do it.  I can see it in you that you have the ability to do
20 it.  And so I say that to you, again, I really hope you'll take
21 that to heart.  God didn't create you to put foreign substances
22 in your body and to be locked up.  You were created to be out
23 enjoying all the benefits of His creation and that includes
24 relationships and all those things.  So you're going to get out.
25 You get this behind you.  You can still have a wonderful life but

1  only you can make that decision.  So I hope you'll make it and
2  you'll just make it every day.  Staying clean -- you don't have
3  to worry about being clean for 10 years or 20 years or 30 years,
4  you just have to stay clean for today.  And then tomorrow you
5  deal with tomorrow.  And what happens is people suddenly have six
6  months of sobriety, then a year of sobriety, then they have five
7  years of sobriety.  So, work on that.  If the BOP offers you any
8  programs for drug treatment, take advantage -- any other
9  educational programs.  Stay away from the knuckleheads.  You're
10 going to find those people that you know within three months of
11 getting out they're going to be back doing the same thing that
12 landed them in the BOP.  Stay away from those people and try to
13 find people that want to encourage you to do the right thing.  So
14 I know I've preached to you but I hope you've listened to me and
15 I wish you the best of luck.
16          MR. LIGGETT:  No, I have.  Thank you very much.
17          THE COURT:  All right.  You're welcome.  We'll be
18 adjourned.
19               (Court adjourned at 9:37 a.m.)

1
2
3
4
5
6      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.
7
8
9      /s/ Lissa C. Whittaker        April 1, 2023
       Signature of transcriber         Date
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25